IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CECIL ANDREW POPE,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-2150-L-BK |
| | § | |
| **LORIE DAVIS, Director, TDCJ-CID,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. Upon review of the relevant pleadings and law, and for the reasons that follow, the petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**I. BACKGROUND**

On December 8, 1997, Petitioner entered an open plea of guilty to the charge of indecency with a child and was sentenced to 10 years' deferred adjudication probation (community supervision). *State v. Pope*, No. F96-30381 (282nd Judicial Dist. Ct., Dallas County, 1997). Subsequently, on May 21, 2013, his guilt was adjudicated and he was sentenced to 9 years confinement. *Id.* Contemporaneously, he pled guilty to failure to register as a sex offender, and was sentenced to a concurrent nine-year term of imprisonment. *State v. Pope*, No. F11-71069 (282nd Judicial Dist. Ct., Dallas County, Tex. 2013).[1] Petitioner did not appeal, and his first federal habeas petition, filed May 28, 2014, was dismissed as unexhausted. *See Pope v. Stephens*, No. 3:14-CV-01927-N-BK (N.D. Tex. Jun. 16, 2014), *appeal dismissed for lack of*

---

[1] The state trial court's docket sheets are available by entering the case numbers (F9630381 and F1171069) at http://courtecom.dallascounty.org/publicaccess/ (last accessed February 3, 2017).

*jurisdiction*, No. 14-10874 (5th Cir. Dec. 15, 2014).  The Texas Court of Criminal Appeals later denied state habeas relief in Case No. F96-30381, *Ex parte Pope*, Nos. WR-83,055-02 & WR-83,055-04 (Tex. Crim. App. June 29, 2016),[2] and dismissed for non-compliance the state habeas application challenging his conviction in Case No. F11-71069, *Ex parte Pope*, No. WR-83,055-03 (Tex. Crim. App. Nov. 4, 2015).[3]

On July 25, 2016, Petitioner filed this federal habeas petition challenging both convictions.  Doc. 3.  He asserts he received ineffective assistance of counsel in 1998, 2000, and 2013, due to counsel's failure to discover relevant evidence, conduct an adequate investigation, and provide adequate advice regarding his (1) initial plea, (2) subsequent revocation and conviction, and (3) the Sex Offender Registration and Notification Act.  Doc. 3 at 7-8.  As his federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.[4]  Doc. 9.

---

[2] The online docket sheets are available at http://www.search.txcourts.gov/Case.aspx?cn=WR-83,055-02&coa=coscca and http://www.search.txcourts.gov/Case.aspx?cn=WR-83,055-04&coa=coscca (last visited February 3, 2017).

[3] The online docket sheet is available at http://www.search.txcourts.gov/Case.aspx?cn=WR-83,055-03&coa=coscca (last visited February 3, 2017).

[4] Because Petitioner mailed his habeas petition while incarcerated [Doc. 3 at 11], and because he seeks to attack his underlying criminal convictions, he satisfies the "in custody" provision of 28 U.S.C. § 2254, and his subsequent release from confinement [Doc. 9 at 1] does not render moot his habeas petition.  *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("in custody" provision requires that petitioner was incarcerated at time petition is filed; criminal conviction has continuing collateral consequences, thus satisfying case-or-controversy requirement).

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-329 (5th Cir. 1999).[5]

### A. One-Year Statute of Limitations

Petitioner filed his federal petition well beyond the one-year limitations period. *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Since he did not pursue a direct appeal, his initial guilty plea and deferred adjudication probation became final on January 7, 1998 -- 30 days after the December 8, 1997 deferred adjudication order. *See Caldwell v. Dretke*, 429 F.3d 521, 528-529 (5th Cir. 2005) (state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under section 2244(d)(1)(A)); *see also Tharpe v. Thaler*, 628 F.3d 719, 723-725 (5th Cir. 2010) (reaffirming *Caldwell*'s holding and reconciling it with *Burton v. Stewart*, 549 U.S. 147 (2007)).

The one-year period, thus, expired one year later on January 8, 1999. Moreover, because Petitioner did not file his state applications until 2015 -- more than 16 years after the one-year

---

[5] Even though Petitioner's claims relating to his conviction in Case No. F11-71069 remain unexhausted, the Court can deny them. 28 U.S.C. § 2254(b)(2); *Miller v. Dretke*, 431 F.3d 241, 245 (5th Cir. 2005) (a habeas court may deny, but it cannot grant, a claim that was not exhausted in state court).
    The dates listed in this recommendation were verified through information available on the state court Internet web pages and the electronic state habeas record obtained through the TCCA.

period expired -- he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).[6] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period).

Petitioner's remaining claims relate to the revocation/adjudication proceedings and guilty plea to the new charge of failing to register as a sex offender. Since Petitioner again did not pursue a direct appeal, his convictions became final on June 20, 2013 – 30 days after the May 21, 2013 judgment adjudicating guilt in Case No. F96-30381 and the judgment of conviction in Case No. F11-71069. The limitations period expired one year later on June 20, 2014. Petitioner's first federal petition, filed on May 28, 2014, did not statutorily toll the one-year period. *See Duncan v. Walker*, 533 U.S. 167, 181-182 (2001) (no statutory tolling during pendency of federal action). Likewise, because Petitioner's state applications were not filed until 2015, they cannot toll the one-year limitations period under section 2244(d)(2). *See Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000) (no statutory tolling if state application is filed after the limitations period expired).

Additionally, subsections (B) through (D) of section 2244(d)(1) are inapplicable. Petitioner alleges no state-created impediment that prevented timely filing of his claims, does not base his claims on any new constitutional right, and the facts supporting his claims became or could have become known prior to the date on which his conviction became final.

---

[6] The state habeas docket sheets are available by entering the case number (W9630381B, W9630381C, and W1171069A) at http://courtecom.dallascounty.org/publicaccess/ (last accessed February 3, 2017).

Consequently, the federal petition filed in July 2016 is clearly outside the one-year statute of limitations absent equitable tolling.[7]

### B. Equitable Tolling

Petitioner does not request equitable tolling. Doc. 9 at 1. That notwithstanding, his filings, even when liberally construed in accordance with his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief.").

Furthermore, this is not a case in which Petitioner pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). In fact, as noted above, he delayed at length in filing his state applications -- more than 16 years after the one-year period expired in connection with the 1997 deferred adjudication order, and more than nine months after the one-year period expired in connection with the 2013 revocation/adjudication and new conviction. Clearly these unexplained delays do not exemplify due diligence.

---

[7] The federal petition is deemed filed on July 18, 2016, the date on which Petitioner certified signing and placing it in the prison mail system. See Doc. 3 at 11; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); Turner v. Johnson, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. See Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. See 28 U.S.C. § 2244(d)(1).

**SIGNED** February 6, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE